UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5126
(C.A. No. 77-2019)

CAROLEE BRADY HARTMAN, et al.,                                  Appellants,

  v.

ANTONY J. BLINKEN, Secretary of State, et al.,                  Appellees.

**REPLY IN SUPPORT OF MOTION FOR SUMMARY AFFIRMANCE**

Appellees, Defendants below, hereby reply to Appellants-Plaintiffs' Opposition to Defendants' motion for summary affirmance. Plaintiffs' Opposition confirms that the issues they seek to raise on appeal have been waived or conceded. Plaintiffs did not even attempt to bear their burden in the District Court to establish a specific enhancement or methodology therefor, and that abdication, among others, is dispositive of this appeal. In light of these deficiencies and the parties' stipulated resolution of many of the fee matters Plaintiffs now appear to contest, it is manifestly clear that the District Court acted well within its broad discretion, and in conformity with precedents, by declining to award Plaintiffs even more in fees than the over $35.9 million they already have been paid during the course of this suit. *See Hartman v. Blinken*, 2023 WL 3366204, *3 (D.D.C. Mar. 31, 2023). There are no open legal issues in this appeal that warrant full briefing or the imposition of further burdens on this Court. To the contrary, the District

Court's decision should be summarily affirmed, and this case at long last should end.

I

Plaintiffs contend that summary affirmance is inappropriate because their appeal "raises several issues of first impression regarding the standards to be applied when a party seeks to enhance a *contractual* award of attorneys' fees above the 'lodestar' amount." Opp'n at 1 (emphasis in original). Plaintiffs assert that one such issue is "whether a court's discretion is limited by case law that addresses standards for enhancing an award of fees made pursuant to a *fee-shifting statute*— namely, the specific analysis applied in *Perdue v. Kenny A.*, 559 U.S. 542 (2010)." *Id.* at 2 (emphasis in original). Plaintiffs, however, agreed in the District Court that the lodestar methodology used in statutory fee-shifting cases applies in this case. Accordingly, Plaintiffs have waived any issue about the standards used to adjudicate Plaintiffs' request for a lodestar enhancement.

In 2020, the District Court found that "the parties here made their intentions clear: Plaintiffs' final fee award would be calculated using the lodestar method." *Hartman v. Pompeo*, 2020 WL 6445873, *8 n.8 (D.D.C. Nov. 3, 2020). This finding was based on the settlement structure to which the parties agreed, the terms of more than twenty fee stipulations entered by the parties following the *Hartman* Consent Decree, and the statements of Plaintiffs' lead counsel. *See id.* at *6-8.

2

The District Court's decision to use the lodestar method was clearly correct and is not challenged by Plaintiffs. Indeed, in subsequent briefing, Plaintiffs told the District Court that "[b]oth sides agree that principles of federal fee-shifting may guide the Court's exercise of discretion," and that "[b]oth sides agree that the 'six rules' articulated in *Perdue* accurately reflect current federal fee-shifting law concerning lodestar enhancements." R.1121 [Pl. Reply re Lodestar Enhancement] at 5. In their instant Opposition, Plaintiffs acknowledge their prior representations to the District Court, *see* Opp'n at 9, and they confirm the "helpful[ness]" of "[t]he principles articulated by the Supreme Court for decades and affirmed in *Perdue* on what constitutes a reasonable fee[.]" *Id.* at 13.

Plaintiffs argue that the District Court erred by treating those "helpful" principles as "dispositive." *Id.* at 12-13. In essence, Plaintiffs posit that the District Court may properly apply the *Perdue* rules only in Plaintiffs' favor, and that the District Court abused its discretion by relying on the *Perdue* rules to deny a lodestar enhancement. The *Perdue* rules, however, are integral to the lodestar method, so the District Court's adherence to those rules was appropriate, reasonable, and comfortably within the District Court's "broad discretion to decide reasonable attorneys' fees." R. 1087 [Pl. Reply re Final Fee Determination] at 22. Moreover, because Plaintiffs conceded in the District Court that "the Supreme Court jurisprudence on lodestar enhancements is helpful in assessing whether it is

appropriate here," R.1119-1 [Pl. Mot. re Lodestar Enhancement] at 8 n.15, Plaintiffs may not be heard to complain about the District Court's reliance on that jurisprudence to guide its decision on Plaintiffs' request for a lodestar enhancement.

The faithful application of concededly applicable Supreme Court authority, even if in a different scenario, makes "this case . . . appropriate for summary disposition." *Gray v. Poole*, 243 F.3d 572, 578 (D.C. Cir. 2001).

II

Plaintiffs also assert that their appeal presents a "novel issue" because "this Court has not addressed the issue of a lodestar enhancement since *Perdue*." Opp'n at 2. This argument incorrectly presumes that "*Perdue* changed the standards for enhancement based on quality of representation." *See id.* at 14.

*Perdue* did not break new legal ground, but rather continued a trend begun long before that decision. *Perdue*, 559 U.S. at 552 ("Our prior decisions concerning the federal fee-shifting statutes have established six important rules that lead to our decision in this case."). The six *Perdue* rules are all derived from Supreme Court cases that pre-date the 2010 decision by many years. *See id.* at 552-53 (citing *Burlington v. Dague*, 505 U.S. 557 (1992); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987) (plurality op.);

4

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986); *Blum v. Stenson*, 465 U.S. 886 (1984); *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

The six *Perdue* rules also are consistent with long established precedent of this Court. For example, in 1984 this Court observed that "the lodestar figure should produce a fully compensatory fee in any case in which a plaintiff has obtained excellent results," and endorsed the rule that "only rare and exceptional circumstances can justify an upward adjustment of the lodestar." *Murray v. Weinberger*, 741 F.2d 1423, 1428-29 (D.C. Cir. 1984) (internal quotation marks and footnotes omitted). The Court stressed that a fee applicant seeking an enhancement bears a "heavy burden . . . to justify any increase in the lodestar figure," and must offer "specific evidence of the need for an enhancement of the lodestar." *Id.* The Court also cautioned that the justification for a lodestar enhancement must "explain with particularity exactly why an upward adjustment was essential" and "clearly explain the reasons for any upward adjustment" so that "meaningful review" of a fee award's reasonableness is not impaired. *Id.*; *accord Thompson v. Kennickell*, 836 F.2d 616, 622–23 (D.C. Cir. 1988); *Save Our Cumberland Mountains v. Hodel*, 826 F.2d 43, 52–53 (D.C. Cir. 1987), *modified on other grounds*, 857 F.2d 1516 (D.C. Cir. 1988) (en banc).

The decision under review is fully consistent with the rigorous and demanding standards that this Court traditionally has applied to quality-based

5

lodestar enhancement requests. *See Donnell v. United States*, 682 F.2d 240, 254 (D.C. Cir. 1982) ("We have found it all too common for the district courts to adjust the lodestar upward to reflect what the courts view as a high level of quality of representation. This trend should stop."). As such, that decision involves no "novel" issues or matters of "first impression," and is ripe for summary affirmance. *See Mason v. Judges of the D.C. Cir.*, 952 F.2d 423, 425 (D.C. Cir. 1991) (summary affirmance proper where outcome was "implicit in our prior decisions").

### III

Plaintiffs argue that they are entitled to a lodestar enhancement because class counsel's lodestar fee does not adequately measure counsel's true market value. Opp'n at 16. This contention is based on Plaintiffs' claim, repeated in various forms throughout their Opposition, that the lodestar fee was calculated using "matrix-based rates" that were "based on a single factor—years since admission to the bar." *Id.* at 17 & n.13; *see id.* at 9 ("[t]he stipulated lodestar was based on LSI Matrix rates for legal services performed between 1990 and 2002"); 19 ("brilliant insights and exceptionally successful strategies pursued are not subsumed in the seniority-based matrix lodestar"); 21 ("fees based solely on rates determined by a formula considering only the number of years in practice would not be sufficient to induce counsel to take on a case that present the multiple difficulties of a case like *Hartman*").

Plaintiffs' claim that the lodestar fee was determined by a seniority-based fee matrix misrepresents the record. The District Court expressly rejected the seniority-based matrix rates used to calculate the interim lodestar fee. *Hartman v. Pompeo*, 2020 WL 6445873, at *11-16. After that ruling, the parties settled the lodestar fee award. The settlement was not based on a mechanical application of a fee matrix or other formula, but was instead a negotiated resolution embodied in stipulations entered by Plaintiffs and Defendants. *See* R.1107, 1112, 1113.[1] As a result of those stipulations, the parties agreed that:

> they have *completely and finally resolved any claim for fees or costs based on a contention* (1) that Plaintiffs' receipt of fees was unreasonably delayed, (2) *that the lodestar fees Plaintiffs have been paid did not reflect counsel's true market value*, and (3) that the interest paid on interim fee awards in this litigation was insufficient.

R.1113, 1117 (emphases added); *see Hartman v. Blinken*, 2023 WL 3366204, at *2-4. *See also* R.1112, 1116 (purpose of stipulated lodestar is "to avoid the need to contest or adjudicate specific hours or hourly rates").

Plaintiffs' contention that the lodestar fee does not reflect their counsel's true market value is foreclosed by the parties' stipulations, and any argument grounded upon such a contention has been waived.[2] *See Kingman Park Civic*

---

[1]   The stipulations were approved by the District Court and separately docketed as court orders. R.1108, 1116, 1117.

[2]   Plaintiffs' contention that they were underpaid because they "went eighteen years before receiving the first interim payment of $500,000," Opp'n

(footnote continued on next page)

7

*Ass'n v. Williams*, 348 F.3d 1033, 1039 (D.C. Cir. 2003) (where party "disavowed" issue below, issue was "expressly waived and cannot be resurrected on appeal").

IV

Plaintiffs admit that the laudatory opinions about class counsel expressed by the District Court and the Special Master are "subjective and impressionistic," but maintain that those opinions "should survive appellate review" because they were found to be "undoubtedly true by an objective observer" (i.e., District Judge Mehta). Opp'n at 18. Plaintiffs' argument misses the point. Like Judge Mehta here, the Supreme Court in *Perdue* "[did] not question the sincerity of the District Court's observations." *Perdue*, 559 U.S. at 558. The Supreme Court rejected those observations not because they were deemed suspect, but because awarding an enhancement on an impressionistic basis undermines "a major purpose of the lodestar method—providing an objective and reviewable basis for fees." *Id*. Subjective and impressionistic opinions may not be considered in determining a reasonable fee because relying on such opinions is not "a methodology that permit[s] meaningful appellate review." *Id.*

---

at 20, was likewise resolved by the parties' stipulations, and thus any argument based on that contention likewise has been waived. *See* R.1113, 1117 (the parties' stipulations "completely and finally resolved any claim for fees or costs based on a contention (1) that Plaintiffs' receipt of fees was unreasonably delayed").

8

V

Plaintiffs insist that they are entitled to a lodestar enhancement because they identified factors present in this case that are not subsumed by the lodestar fee. *See* Opp'n at 18-22. Plaintiffs' arguments, however, overlook the settled law in this Circuit that a fee applicant bears a "heavy burden . . . to justify any increase in the lodestar figure," and "this burden is satisfied *only* if the applicant makes a *specific claim* for an upward adjustment based on a particular factor" and provides "specific support for any premium which the applicant requests." *Murray*, 741 F.2d at 1428 (emphases in original); *accord Perdue*, 559 U.S. at 546 ("a party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified").

As Defendants pointed out in their motion for summary affirmance (at 11-12), instead of making a specific claim for an upward adjustment, Plaintiffs made a very unspecific request and then sought to pass their burden of proof to the District Court. Plaintiffs asked the District Court to "award additional fees in a range from 1.0 to 4.5 times the stipulated $19 million lodestar." R 1119-1 [Pl. Mem. re Lodestar Enhancement] at 44. This request equates to an additional fee award somewhere between $0 and $66.5 million. *See id.* at 8 n.14 ("a multiplier of 1.5 when applied to the stipulated lodestar of $19 million would mean additional fees

9

of $9.5 million and a multiplier of 2 would yield an additional $19 million"). Plaintiffs left the choice of the multiplier, and the justification for that choice, to the District Court. *See* R.1121 [Pl. Reply re Lodestar Enhancement] at 24 ("the Court must select [a multiplier] that is 'objective and reviewable'").

Even assuming that the putative enhancement factors on which Plaintiffs rely are not subsumed by the lodestar fee, Plaintiffs' enhancement request is still deficient because Plaintiffs failed to proffer a reasonable, objective, and reviewable methodology for assigning a dollar value to those factors. *See Perdue*, 559 U.S. at 555 ("the amount of the enhancement must be calculated using a method that is reasonable, objective, and capable of being reviewed on appeal"). If no such methodology is identified, then the putative enhancement factor—like the subjective and impressionistic opinions discussed above—cannot properly be considered in determining a reasonable fee. *See id.* at 553-54 (the "'strong presumption' that the lodestar figure is reasonable" may be overcome only where a factor not subsumed by the lodestar "may properly be considered in determining a reasonable fee").

It is Plaintiffs' burden to put forward such a reasonable, objective, and reviewable methodology as a predicate for an enhancement of the lodestar. *See Murray*, 741 F.2d at 1429 ("[i]f these strict requirements are satisfied by both the fee applicant and the district court, an upward adjustment of the lodestar figure

10

may be proper"); *accord Perdue*, 559 U.S. at 553 ("the burden of proving that an enhancement is necessary must be borne by the fee applicant" and "a fee applicant seeking an enhancement must produce specific evidence that supports the award" so that the enhancement's calculation "is objective and capable of being reviewed on appeal").

Plaintiffs made no attempt to satisfy their burden of proof. Plaintiffs neither revealed the specific enhancement they were seeking nor proffered a reasonable, objective, and reviewable method for calculating the enhancement. That was a fatal omission. Plaintiffs offer no argument to the contrary, and that silence is telling—and is dispositive of this appeal. *Taylor v. FDIC*, 132 F.3d 753, 763 (D.C. Cir. 1997) (failure to address opponent's arguments on appeal "is a dangerous tactic at best; here it proves fatal").

\*\*\*\*\*\*\*

"A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Regrettably, this matter already has, but for all the reasons explained herein and in Defendants' motion for summary affirmance, this fee dispute should be ended now—before it consumes even more judicial resources. The "merits of this appeal are so clear as to make summary affirmance proper," *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir. 1980) (per curiam), and "no benefit will be gained from further briefing and argument of the issues

11

presented." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-98 (D.C. Cir. 1987) (per curiam). The District Court's decision should be summarily affirmed.

September 8, 2023
Washington, D.C.

                                                 MATTHEW M. GRAVES
United States Attorney

JANE M. LYONS
Assistant United States Attorney

*/s/ Peter C. Pfaffenroth*
PETER C. PFAFFENROTH
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20001
(202) 252-2513
peter.pfaffenroth@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th of September 2023, I caused a true and correct copy of the foregoing document to be served upon counsel for Plaintiffs-Appellants via this Court's electronic filing system.

*/s/ Peter C. Pfaffenroth*
PETER C. PFAFFENROTH
Assistant United States Attorney

## **CERTIFICATE OF COMPLIANCE**

The text for this document is prepared using 14-point Times New Roman typeface. The text consists of 2,532 words, as calculated by Microsoft Word.

*/s/ Peter C. Pfaffenroth*
PETER C. PFAFFENROTH
Assistant United States Attorney
