# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Carolee Brady Hartman and All Other Plaintiffs, Approx. 50 additional plaintiffs, | ) ) ) |
| Appellants | ) ) |
| Zuzanna J. Dillon, Dr., et al., | ) ) |
| Appellees | ) ) ) No. 23-5126 |
| v. | ) ) |
| Antony J. Blinken, Secretary of State and All Other Defendants, One additional defendant, | ) ) ) ) ) |
| Appellees | ) |

## MOTION FOR RECONSIDERATION OF RULE 34(j) ORDER

Appellants respectfully request that this Court reconsider its August 27, 2024 Order canceling the oral argument in this case. As the motions panel of this Court held in denying the government's motion for summary affirmance, the "merits of the parties' positions are not so clear as to warrant summary action." *See* Nov. 21, 2023 Order. The subsequent briefing before this Court highlights the many issues raised by the enhancement motion but not directly ruled on by the District Court. These issues also present novel issues for this Court that would benefit from oral argument and decision by this Court.

One issue is clear – that this is the rare and exceptional case where superior lawyering resulted in extraordinary success. The government has not seriously disputed this and the District Court found it to be true. The District Court concluded that *Hartman* was "in all respects extraordinary," *Hartman v. Pompeo*, 2020 WL 6445873, at *1 (D.D.C. Nov. 3, 2020). "The lawyering and the result were 'exceptional' by any metric as that term is ordinarily construed." *Hartman v. Pompeo*, 2023 WL 3366204, at *7 (D.D.C. Mar. 31, 2023).

But several issues related to whether class counsel are thus entitled to an enhancement of the lodestar are unclear.

- Because the parties and the District Court *all agreed* that the fee in this case is governed by the contract embodied in the Consent Decree, the District Court's reliance on *Perdue v. Kenny A.*, 559 U.S. 542 (2010), a statutory fee case, is legal error. *See, e.g.*, the District Court's statement that "the fee here is governed by a negotiated settlement, not Title VII's fee-shifting provision," *Hartman*, 2023 WL 3366204, at *3 n.6; the government's statement that the "relevant fee-shifting arrangement for plaintiffs' lodestar enhancement motion is established by the *Hartman* Consent Decree, and so is a contractual arrangement, not a statutory one." Appellee Br. at 18; appellants' statement that "this case . . . [is] a question of contract interpretation." ECF No. 1098 at 14 *quoting* Oral Argument Tr., ECF No. 1097 [hereinafter Hr'g Tr.], at 9:10-14. To hold that *Perdue* precluded the District Court from awarding an enhancement is a misapplication of legal principles.

- The District Court erroneously held that the parties agreed that federal statutory attorneys' fees cases were binding despite the parties' assertions to the contrary. *See, e.g.*, plaintiffs' assertion that "Supreme Court jurisprudence is *not* binding on the court's exercise of discretion to award a multiplier." ECF No. 1119-1 at 8, n.15 (emphasis added); the government's agreement that "precedents involving fee-shifting statutes do *not* directly control here." ECF No. 1120 at 4 (emphasis added).

- In the absence of federal statutory attorneys' fees jurisprudence, there is significant question as to the controlling law for this case.

- The government contends that there is a body of federal common law that governs, and that this law is the same as the statutory law articulated in *Perdue*. **There is no case that so holds**. The appellants' position is that contract law of the forum –the District of Columbia –governs. This issue was not briefed before the District Court.

- Appellants presented argument demonstrating that other courts have held that the limitations on fee enhancements articulated by *Perdue* do not limit a court's discretion to award an enhancement outside the federal statutory fee-shifting context. *See, e.g.*, Bankruptcy court rejected limitations of *Perdue, In re Asarco, L.L.C.*, 751 F.3d 291, 295 (5th Cir. 2014). The government argued that appellants could not rely on a bankruptcy case as its applicability hadn't been argued to the District Court. Whether the parties could rely on cases not cited before the District Court was not briefed to the District Court.

- Even if *Purdue* applied, the government argued that the first exemplar – a lodestar based on a rate determined by a single factor –was not available because appellants did not present that argument before the District Court, despite the fact that the facts and argument relating to the inadequacy of a single factor matrix rate were presented to the District Court in the initial briefing for the final fee contemplated by the Consent Decree.

- The District Court held it did not need to resolve the factual issues presented by appellants' enhancement motion because "none of the case features identified by Plaintiffs is a factor not already subsumed within the lodestar that could support an objectively based enhancement of it," *Hartman*, 2023 WL 3366204, at *4, even though *none* of the factors identified by appellants have been deemed subsumed in any previous case.

- The government disputed the specific evidence from the record supporting their motion, but the District Court held it "need not resolve these fact disputes." *Id.*

- The District Court held that a stipulation by the parties regarding fees on fees for fee counsel and that referred to the acceptance of an inflation-adjusted matrix-based lodestar precluded enhancement of that lodestar notwithstanding the fact that every stipulation specifically reserved the

3

right to seek enhancement at the conclusion of the litigation.  The District Court made no findings that the language of the stipulation was an "intentional relinquishment or abandonment of a known right."  The intent to *preserve* the right to seek enhancement has been consistently evidenced throughout this litigation.

- This Court has not been presented with a motion for a quality enhancement since *McKenzie v. Kennickell*, 875 F.2d 330 (D.C. Cir. 1989) (25% enhancement affirmed), and has never been presented with an enhancement case involving the three new exemplars articulated by *Perdue* in 2010.  To the extent *Perdue* changed the standards for enhancement based on quality of representation, application of those standards here would be a case of first impression.

Because of the many factual and legal issues implicated by this appeal, Appellants respectfully request that the case be restored to the argument calendar.

Dated: September 6, 2024

/s/ Roger E. Warin
Roger E. Warin
Lindsey Lang
Johanna Dennehy
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
rwarin@steptoe.com
llang@steptoe.com
jdennehy@steptoe.com

*Counsel for Appellants*

# CERTIFICATE OF COMPLIANCE

In accordance with Rules 27(d)(2)(A) and 32(g) of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 32(e)(2)(C), I certify that this motion has been prepared in a proportionally spaced typeface (using Microsoft Word, in 14-point Times New Roman) and contains 959 words, excluding the parts of the brief exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

/s/ Roger E. Warin
Roger E. Warin

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, a true and correct copy of the Motion for Reconsideration of Rule 34(j) Order was served on all counsel of record via CM/ECF electronic filing.

/s/ Roger E. Warin
Roger E. Warin